# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY ZERILLO and<br>MATT AVERY,<br><br>    Plaintiffs,<br><br>v.<br><br>PEERLESS NETWORK, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Anthony Zerillo and Matt Avery (collectively, "Plaintiffs"), for their Complaint against Defendant Peerless Network, Inc. ("Peerless" or "Defendant"), state as follows:

## INTRODUCTION

1. Plaintiffs worked for Peerless as sales representatives. They were compensated, in part, by commission. Plaintiffs were valuable employees to Peerless. They had high sales and represented the company well.

2. After years of working for Peerless, Plaintiffs resigned their positions.

3. Plaintiffs handled their transition the right way. They gave Peerless 2-weeks' notice and helped train their replacements.

4. After Plaintiffs' employment ended, however, Peerless failed to pay them the commissions they were owed. Plaintiffs followed up, but the company refused to pay them.

5. Peerless' refusal to pay Plaintiffs their commissions is willful, wanton, and malicious. Peerless is refusing to pay them because they went to work for a competitor.

1

6. Plaintiffs bring this action against Peerless to recover their commissions and other damages under the Missouri Commission Sales Act ("MCSA"), R.S. Mo. 407.911 *et seq.*, and/or Missouri common law.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Anthony Zerillo is an individual who resides in Jackson County, Missouri. He resided there during all times relevant to this lawsuit.

8. Plaintiff Matt Avery is an individual who resided in Bixby, Oklahoma during all times relevant to this lawsuit.

9. Defendant Peerless Network, Inc. is a Delaware corporation with its principal place of business in Illinois. Defendant regularly transacts business in Missouri, including through its subsidiary, Peerless Network of Missouri, LLC.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), diversity. The amount in controversy, exclusive of interests and costs, of Plaintiffs' claims exceeds $75,000.00.

11. This Court has jurisdiction over the parties since Peerless contracted with Plaintiffs and other sales representatives to solicit orders in Missouri. Plaintiffs spent a significant amount of time and effort soliciting orders in Missouri and soliciting Missouri clients.

12. Venue is properly placed with this Court pursuant to 28 U.S.C. §1391(b)(2) since a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

13. Peerless sells carrier and enterprise interconnection services for telecommunication companies, service providers and enterprises.

14. Peerless employs sales representatives across the country to sell its services.

15. Peerless pays its sales representatives, in part, by commission.

16. Each year, Peerless and sales representative enter into a sales compensation plan ("Plan") that establishes payment of commissions.

17. During Plaintiffs' employment with Peerless, the plan contained a detailed formula for determining the amount of commissions owed based on a percentage of the dollar amount of sales.

18. Pursuant to the terms of the 2016 Plan, "If an individual resigns from the Company or if the Company terminates an individual, sales compensation payments will be debited or credited throughout the end of the month preceding the 'date of departure.'"

19. During Plaintiffs' employment, Peerless never immediately entered into a new plan with sales representatives at the expiration date of the current plan at the end of year. Instead, Peerless' sales representatives continued to sell the company's services for commissions under the expired plan well into the following year until Peerless produced a new plan. The new plan was usually delivered in or around February or March.

20. Based upon this pattern and practice, as well as statements from Defendant's executives, Plaintiffs continued to make sales for the company after December 31, 2016.

## PLAINTIFFS' RESIGNATION FROM PEERLESS

**Plaintiff Zerillo**

21. Plaintiff Zerillo gave his two-week notice to Peerless on or about January 20, 2017.

22. His last day of work was on or around February 3, 2017.

23. At the time of his departure, Plaintiff Zerillo was owed approximately $6,700.00 in January 2017 commissions under the terms of the 2016 Plan.

24. On or about February 28, 2017, Plaintiff Zerillo sent an email to Rick Knight, Peerless' Executive Vice President of Sales and Marketing, inquiring about the status of his January 2017 commissions. Mr. Knight did not respond.

**Plaintiff Avery**

25. Plaintiff Avery gave his two-week notice to Peerless on or about January 20, 2017.

26. His last day of work was on or around February 3, 2017.

27. At the time of his departure, Plaintiff Avery was owed approximately $6,700.00 in January 2017 commissions under the terms of the 2016 Plan.

28. On or about February 2, 2017, he called John Belanger, Peerless' Senior VP of Sales, inquiring about the status of his January 2017 commissions. Mr. Belanger said he did not know but promised to investigate and get back with him.

29. On or about February 9, 2017, Plaintiff Avery called Mr. Knight inquiring about the status of his January 2017 commissions since Mr. Belanger did not get back with him. Like Mr. Belanger, Mr. Knight said he did not know but promised to investigate and get back with him.

30. Plaintiff Avery called Mr. Belanger back on or around February 17, 2017, but he still did not have an answer.

31. On or about February 27, 2017, Mr. Belanger called Plaintiff Avery and informed him that he would not be receiving any more commissions. After questioning, Mr. Belanger admitted that top executives at Peerless, including John Barnicle (CEO) and Doug Lee (CFO), simply decided they did not want to pay Plaintiff Avery his commissions.

32. As of the filing of this Complaint, Peerless still has not paid Plaintiffs their commissions.

## COUNT I – MISSOURI COMMISSION SALES ACT VIOLATIONS

33. Plaintiffs incorporate paragraphs 1-32 above as though fully set forth herein.

34. Defendant compensated Plaintiffs, in part, by "commission," as that term is defined at R.S. Mo. 407.911(1), since the rate of pay was expressed as a percentage of the dollar amount of sales.

35. Defendant constitutes a "principal," as that term is defined at R.S. Mo. 407.911(2), since it:

    a. Provides a service for sale;
    b. Contracts with sales representatives, including Plaintiffs, to solicit orders from the service; and
    c. Compensates the sales representatives, in whole or part, by commission.

36. Plaintiffs constitute "sales representatives," as that term is defined by R.S. Mo. 407.911(3), since they contracted with Defendant, a principal, to solicit orders and were compensated, in part, by commission. Neither Plaintiff placed orders or purchases for their own account for resale.

37. Defendant failed to pay Plaintiffs the commissions they were due within 30 days of their termination of employment, and the non-payment of commissions that became due after their termination of employment within 30 days violates R.S. Mo. 407.912(3).

38. Plaintiffs have sustained damages as a result of Defendant's violations.

## COUNT II – BREACH OF CONTRACT

39. Plaintiffs incorporate paragraphs 1-38 above as though fully set forth herein.

40. Plaintiffs and Defendant entered into a valid contract, a sales compensation plan, in which Plaintiffs agreed to sell Defendant's services in exchange for payment of commissions.

41. Defendant breached the agreement by not paying commissions it owed to Plaintiffs.

5

Case 4:17-cv-00500-SRB   Document 1   Filed 06/19/17   Page 5 of 7

42. Defendant's breach was substantial and material.

43. Plaintiffs have been damaged as a result of Defendant's breach.

## COUNT III – QUANTUM MERUIT/BREACH OF IMPLIED CONTRACT

44. Plaintiffs incorporate paragraphs 1-43 above as though fully set forth herein.

45. Plaintiffs provided services to Defendant, specifically sales of Defendant's services to Defendant's customers, at Defendant's request and/or with Defendant's acquiescence.

46. Plaintiffs' services had an ascertainable value, specifically the commissions that Plaintiffs earned under the sales compensation plan, at a minimum.

47. Despite demand for payment, Defendant has failed and refuses to pay the reasonable value of Plaintiffs' services.

## COUNT IV – UNJUST ENRICHMENT

48. Plaintiffs incorporate paragraphs 1-47 above as though fully set forth herein.

49. Plaintiffs conferred a benefit on Defendant, i.e., sales of Defendant's services to Defendants' customers.

50. Defendant acknowledged and/or recognized that a benefit was conferred.

51. Defendant accepted and retained the benefit under circumstances in which retention without payment would be unjust. Plaintiffs earned the commissions by making sales, Defendant accepted the sales and kept the money.

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

    a. Their unpaid commissions, an additional amount as if they were still earning commissions calculated on an annualized pro rata basis from the date of their termination to the date of payment of commissions, and their reasonable attorneys' fees and costs pursuant to R.S. Mo. 407.913;

6

Case 4:17-cv-00500-SRB   Document 1   Filed 06/19/17   Page 6 of 7

b. Their benefit of the bargain damages;

c. Their consequential damages;

d. The value of the benefits they bestowed on Defendants;

e. Pre- and post-judgement interest; and/or

f. Any other damages the Court finds just and appropriate.

## JURY DEMAND

Plaintiffs request a trial by a jury of their peers.

Date: June 17, 2017                                      Respectfully Submitted,


 */s/ Jack McInnes*
Jack D. McInnes (#56904)
**MCINNES LAW LLC**
4300 Shawnee Mission Pkwy, Ste 100
Fairway, KS 66205
Telephone: (913) 220-2488
Facsimile: (913) 273-1671
jack@mcinnes-law.com


**ATTORNEY FOR PLAINTIFFS**